**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **DEVIN TAYLOR, #99101** | § | |
| | § | |
| **v.** | § | **NO. 4:25-CV-00693-SDJ-BD** |
| | § | |
| **B. HUNT, ET AL.** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Proceeding pro se, Devin Taylor filed this civil-rights action under 42 U.S.C. § 1983. The action was referred to me in accordance with 28 U.S.C. § 636(b) and Local Rule CV-72.

On March 3, 2026, the court ordered Taylor to file a standard prisoner civil-rights form and to either pay the $405.00 filing fee or submit an application to proceed in forma pauperis on the proper form, together with a certified in forma pauperis data sheet, within 30 days of receipt of the order. Dkt. 17. He failed to comply with that order and, as such, has failed to prosecute his case.

The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the court; appellate review is only for abuse of that discretion. *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979); *Lopez v. Aransas Cnty. ISD*, 570 F.2d 541, 544 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also dismiss an action sua sponte when necessary to achieve the orderly and expeditious disposition of a case. *Link v. Wabash R. Co.*, 370 U.S. 626, 629–31 (1962); *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980). A district court may dismiss an action for failure of a litigant to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); Fed. R. Civ. P. 41(b). In this case, Taylor has failed to comply with the court's order. Therefore, the case should be dismissed for failure to prosecute. Fed. R. Civ. P. 41(b).

**RECOMMENDATION**

It is **RECOMMENDED** that the case be dismissed without prejudice.

\*  \*  \*

Within 14 days after service of the magistrate judge's report, any party may serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from 10 to 14 days).

So **ORDERED** and **SIGNED** this 13th day of April, 2026.

_____
Bill Davis
United States Magistrate Judge

2